## Commonwealth v. Sands

*John T. Clary, Jr.,* for Commonwealth.
*James A. Winner,* for appellants.

LAVELLE, *P.J.*, April 16, 1982—Before the court is the appeal from the suspension by the Bureau of Traffic Safety of the Mechanic's Certification Card of Richard W. Sands (hereafter appellant), filed pursuant to 75 Pa.C.S.A. §4726(c), and the Certificate of Appointment of Dick Sands Chevrolet, Inc. (hereafter appellant) as an Official Inspection Station, filed pursuant to 75 Pa.C.S.A. §4724(b). Jurisdiction is vested in this court by virtue of 42 Pa.C.S.A. §933(a)(1)(ii).

We conducted a hearing on this appeal on February 23, 1982.

The only evidence presented related to notice of suspension and service of the notice. Notice of suspension was issued by the Bureau of Traffic Safety on August 24, 1981, and was personally served on appellants on September 3, 1981 by a state police officer. Appellants' petition for appeal was filed on September 24, 1981.

The Commonwealth moved to dismiss appellants' petition on the grounds that the petition was not timely filed and, therefore, the court lacked jurisdiction.

The narrow issue presented is whether the statutory period for appeal of a suspension issued by the Bureau of Traffic Safety begins to run on the date of the issuance of the notice, or the date of the service of the notice.

This appears to be a case of first impression. Neither counsel has submitted to us nor has our independent research revealed any case law addressing the question. In this instance, however, novelty should not be equated with complexity. A simple exercise of statutory interpretation is all that a proper resolution of the case requires.

The time period for filing an appeal to a court from a government agency is contained at 42 Pa.C.S.A. §5571(b), which provides as follows:

"Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order."

Explanation of term "entry of the order," upon

which this case turns, is supplied by 42 Pa.C.S.A. §5572. That section provides as follows:

"The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or district justice may be specified by general rules."

For the sake of further clarification, we can delete the portion of the first sentence referring to service by mail, since appellants were personally served in this case. We are left then with the following plain, unambiguous language: "The date of service of an order of a government unit . . . shall be deemed to be the date of entry of the order for purposes of this subchapter."

The date of entry of the Bureau of Traffic Safety's Notice of Suspension here, therefore, is September 3, 1981, the date on which appellants were served with copies of the notice. Under 42 Pa.C.S.A. §5571(b), appellants had 30 days from that date within which to file their appeal. By filing a petition for appeal to the court on September 24, 1981, appellants' petition was timely filed and conferred jurisdiction on the court.

As noted, supra, the Commonwealth presented no evidence relative to the merits of the suspension allowing the case to rise or fall on this jurisdictional question.

Having determined we have jurisdiction and there being no evidence to support appellants' suspensions, we enter the following

## ORDER

And now, April 16, 1982, the appeal of Richard W. Sands and Dick Sands Chevrolet, Inc. is sustained,

the action of the Bureau of Traffic Safety suspending the Certificate of Appointment of Dick Sands Chevrolet, Inc. and the Mechanic's Certification Card of Richard W. Sands is reversed and said certification shall be reinstated by the Bureau of Traffic Safety.